COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 30, 2014

v

No. 318254
Saginaw Circuit Court
LC No. 12-038086-FC

GREGORY DARNELL AGEE,

Defendant-Appellant.

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Defendant appeals by right his jury-based convictions of carjacking, MCL 750.529a; kidnapping, MCL 750.349; armed robbery, MCL 750.529; carrying a dangerous weapon with unlawful intent, MCL 750.226; three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b; torture, MCL 750.85; third-degree fleeing and eluding a police officer, MCL 257.602a(3); and resisting and obstructing a police officer, MCL 750.81d(1). We affirm.

Defendant's sole argument on appeal is that the trial court improperly dismissed several potential jurors for cause. Specifically, defendant asserts that the dismissal of several potential jurors under MCR 2.511(D)(10) violates MCL 600.1307a(1) and MCL 600.1355, as well as his state and federal constitutional rights to be tried by a fair and impartial jury. We review the trial court's rulings for abuse of discretion. See *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000). A trial court abuses its discretion when its decision is outside the range of principled outcomes. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010).

At the start of jury selection, the trial court asked for, and the prosecutor provided, a list of several potential jurors who had been subjected to criminal prosecution by the Saginaw County Prosecutor's Office. The trial court then asked defense counsel if he had any objection to those people being excused for cause. Defense counsel objected, stating that the jurors should not be automatically excused. The prosecutor responded that the case law was clear and that these people "must be dismissed as they would bear prejudice in this case." The trial court ruled that the jurors would be dismissed.

MCL 600.1307a sets out the requirements a person must meet to qualify as a juror, one of which is having not been convicted of a felony. MCL 600.1307a(1)(e). MCL 600.1355 provides that "[w]ith respect to jury selection, any examination, replacement, oath or other practice not otherwise governed by the provisions of this chapter shall be governed by rules adopted by the

supreme court." MCR 6.412 provides that MCR 2.510 and MCR 2.511 govern the procedure for selecting and impaneling jury members unless stated otherwise in that chapter. Pursuant to MCR 6.412(D)(1), any prospective juror may be challenged for cause for any reason set forth in MCR 2.511(D), or any other legally recognized reason. "If, after the examination of any juror, the court finds that a ground for challenging a juror for cause is present, the court on its own initiative should, or on motion of either party must, excuse the juror from the panel." MCR 6.412(D)(2). Under MCR 2.511(D)(10), grounds for a challenge for cause exist if the potential juror "is or has been a party adverse to the challenging party or attorney in a civil action, or has complained of or has been accused by that party in a criminal prosecution."

On appeal, defendant contends that the governing case law—*People v Eccles*, 260 Mich App 379; 677 NW2d 76 (2004)—is incorrect on the ground that it violates MCL 600.1307a(1) and MCL 600.1355. In *Eccles*, the prosecutor challenged four members of the jury array because they had been the subject of misdemeanor criminal prosecution in that county. *Id*. at 381. This Court stated the following:

> Although, as a general matter, the determination whether to excuse a prospective juror for cause is within the trial court's discretion, once a party shows a prospective juror falls within the parameters of one of the grounds enumerated in MCR 2.511(D),[1] the trial court is without discretion to retain that juror, who must be excused for cause. [*Id*. at 382-383 (citation omitted).]

This Court further explained that once a proper ground for a challenge for cause has been shown, "the trial court [is] without discretion to retain these individuals regardless of whether they asserted an ability to be fair and impartial." *Id*. at 385.

We are bound by the *Eccles* holding, and we conclude that the holding is consistent with MCR 2.511(D). Further, even assuming that the jurors were improperly excused, defendant's appeal fails for failure to demonstrate prejudice. "Failure to comply with the provisions of this chapter shall not . . . affect the validity of a jury verdict unless . . . the party demonstrates actual prejudice to his cause and unless the noncompliance is substantial." MCL 600.1354. Defendant does not argue he was prejudiced, but instead argues that a showing of prejudice should not be required.

In support of his contention, defendant cites *US v Donato*, 321 US App DC 287, 291; 99 F3d 426 (1996). In *Donato*, the trial court dismissed a juror after jury instructions were given because the juror had airplane tickets to teach an out-of-state course and was concerned deliberations might cause her to miss her flight. *Id*. at 429. The trial court excused her without explaining why or under what rule such determination was made. *Id*. On appeal, the government argued "that even if the trial court did violate [Federal] Rule 24(c), the defendant has not shown that she suffered prejudice from the error and the conviction therefore should not be

---

[1] The Supreme Court modified MCR 2.511, effective January 1, 2006, by eliminating a felony conviction as grounds for a challenge for cause. This modification changed the provision at issue from (D)(11), as it was in *Eccles*, to (D)(10), as it is in this case.

reversed." *Id*. The court of appeals stated that "[i]t will nearly always be impossible . . . for a defendant to show prejudice" when a juror is wrongfully removed from a jury array. Further, the court stated that requiring a showing of prejudice would make Rule 24(c) "entirely precatory." *Id*. Instead of requiring prejudice, the court applied the *Kotteakos* standard: an error "will be considered harmless so long as we can say 'with fair assurance . . . that the judgment was not substantially swayed by the error.' " *Id*., quoting *Kotteakos v US*, 328 US 750, 765; 66 S Ct 1239; 90 L Ed 1557 (1946).

In this case, defendant makes no argument that the jurors who were selected were unfair or biased. Further, the complainant testified in detail about defendant's acts, and her testimony was corroborated by several witnesses. In *Donato*, the trial court dismissed an already-impaneled juror, and yet the appellate court noted it was "possible that [the court] would not have reversed" if that had been the only error. *Donato*, 321 US App DC at 291. In this case, the people excused were potential jurors, who may not have even been impaneled, and this is the only error defendant alleges.

In any event, defendant has failed to support his conclusory argument that he was denied his right to a trial by a fair and impartial jury from a cross-section of the community. In *Duren v Missouri*, 439 US 357, 364; 99 S Ct 664; 58 L Ed 2d 579 (1979), the United States Supreme Court laid out the following three-part test to establish a violation of a defendant's right to a trial by a fair and impartial jury from the cross-section of the community:

> The defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process. [*Id*. (citation omitted).]

In this case, defendant has not shown that persons who have been subject to criminal prosecution in Saginaw County are a distinctive group. Consequently, he cannot prevail on his challenge to the dismissal of potential jurors.

Affirmed.

/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray